IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHENKER, INC, <br><br>  Plaintiff, <br><br> v. <br><br> PREDATOR MOGULWEAR INC., <br><br>  Defendant. <br> ─────────────────────────── / <br> AND RELATED COUNTERCLAIM | No. C 07-01795 WHA <br><br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM WITH PREJUDICE** |

**INTRODUCTION**

In this action for breach of contract, plaintiff moves for default judgment against defendant and dismissal of defendant's counterclaim with prejudice. For the reasons stated below, plaintiff's motion for default judgment is **GRANTED** and plaintiff's motion for dismissal of defendant's counterclaim with prejudice is **GRANTED**. The Clerk **SHALL ENTER DEFAULT**.

**STATEMENT**

Plaintiff Schenker, Inc., does business as a consignee, exporter, and merchant of cargo (Compl. ¶¶ 3–4). Defendant Predator Mogulwear, Inc., a producer of outdoor clothing, used Schenker to move, insure, and store cargo (*id.* at ¶ 5). Schenker advanced money to United States Customs and other entities on Predator's behalf (*ibid.*). Plaintiff alleges that defendant never repaid the advances.

This action was filed on March 29, 2007. On or about May 8, Harold P. Goldberg, an attorney from the Harris Beach firm, contacted Bingham McCutchen LLP in East Palo Alto regarding this action (Lazerson Decl. ¶ 2). Predator's then-chief executive officer, Lee "Skeeter" Crossley, retained the Bingham firm to defend Predator in this action (*ibid*.). Bingham appeared in the action by filing an answer and counterclaim on June 21 (*id*. at ¶ 3). It also appeared at the initial case management conference on July 5 (*ibid*.).

Predator notified Bingham that Skeeter Crossley had been terminated (*id*. at ¶ 4). At that time, Bingham offered to withdraw, but Predator's counsel in Nevada, G. Barton Mowry of the law firm of Maupin, Cox & LeGoy, informed them that they should continue representing Predator in the matter (*ibid*.). Predator failed, however, to pay any of the fees owed to Bingham for their representation in this action (*id*. at ¶ 5). Predator also did not respond to any emails or phone calls from Bingham or their requests to arrange for substitute attorneys (*id*. at ¶ 6).

Accordingly, an order dated October 17, permitted Bingham to withdraw as defendant's counsel and warned Predator, through the best modes of notice possible and known to defense counsel, that if it failed to appear with new counsel at a further case management conference on November 1, the Court would hear a motion for default judgment and dismiss its counterclaim with prejudice, since a corporation can only appear via counsel (Docket No. 30). Defendant has failed to retain new counsel and did not make any appearance at the case management conference on November 1. Plaintiff then filed a motion for default judgment and a motion for dismissal of defendant's counterclaim with prejudice. Defendant has filed no brief in opposition to plaintiff's motion and did not appear at the hearing, even via a non-attorney. Given defendant's obstinate refusal to defend itself in this action, there is no alternative but to enter a default judgment.

**ANALYSIS**

"A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civil L.R. 3-9. Predator was warned on multiple occasions that it needed to retain counsel if it wished to continue to appear in front of

this Court. Its refusal to obtain counsel constitutes a failure to appear in this action, including a failure to file an answer to plaintiff's complaint.

### 1. DEFAULT JUDGMENT.

Under FRCP 55(b)(2), a plaintiff can apply to the district court for a default judgment against a defendant that has failed to otherwise plead or defend against the action. Default judgments are generally disfavored as "cases should be decided upon their merits whenever reasonably possible." In the Ninth Circuit, a district court must consider the following factors when deciding whether or not to use its discretion in granting a motion for default judgment: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claims; (iii) the sufficiency of the complaint; (iv) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–1472 (9th Cir. 1986) (citation omitted). Here, these factors favor entry of default judgement against defendant.

### A. Merits and Sufficiency of the Complaint.

With respect to determining liability and entry of default judgment, the general rule is that well-pleaded allegations in the complaint regarding liability are deemed true (except for the amount of damages). *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Consequently, this order finds that the *Eitel* factors two, three, and five weigh in favor of the entry of default judgment against Predator.

Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990). Plaintiff's Complaint establishes each of these elements. Schenker and Predator entered into a contract, whereby Schenker fully performed its obligations by advancing the necessary money on Predator's behalf to release certain cargo from customs (Compl. ¶ 5). Predator breached the contract by failing to pay Schenker for the money advanced and Schenker

1  was damaged as a result of the non-payment (Compl. ¶¶ 7–9). Plaintiff's prayer for relief also sets forth its claim for attorney's fees, interest, and costs.

### B. Remaining Factors.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment. *First*, plaintiff would be prejudiced if default judgment was not granted. Defendant has already engaged in a variety of delaying tactics. Defendant has disregarded the orders of this Court by refusing to obtain any new counsel and appear in this action. The possibility of prejudice to plaintiff is great if such conduct were permitted to continue. *Second*, the sum of money at stake in this action is not substantial. Plaintiff seeks $75,883.13, which pales in comparison to the amount mentioned in *Eitel*. *Third*, there is nothing excusable in regards to defendant's actions. Defendant was given multiple warnings to obtain counsel and has had sufficient time to do so. *Fourth*, although federal policy favors decisions on the merits, the circumstances surrounding this case indicate that default judgment under FRCP 55(b) is proper.

### 2. DISMISSAL OF COUNTERCLAIM.

Under FRCP 41(b), a district court may dismiss an action, with prejudice, based upon the failure to prosecute, the failure to obey a court order, and the failure to comply with rules and procedures. In the October 17 order, defendant was specifically warned that its failure to appear would result in default judgment and dismissal of its counterclaim. Defendant's refusal to comply with the orders and rules of this Court warrant a dismissal of defendant's counterclaim with prejudice.

### 3. DAMAGES.

Plaintiff requests an award in the amount of $75,883.13. Damages directly resulting from defendant's breach of contract comprise $48.894.97 of the total amount. The remaining amount includes attorney's fees, costs, and interest in the amount of $24,769.57, $402.00, and $2,218.59, respectively. The credit contract entered into by the parties provided:

> In any referral for collection or action against the Customer for monies due to the Company, including but not limited to any action for the enforcement of any provision of the Master Customs Power of Attorney between the Customer and the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney's fees, costs, and expenses (Gendron Decl. ¶¶ 9–10).

4

In both prosecution of its own breach of contract claim and defense of Predator's counterclaim, plaintiff has asserted that it is entitled to attorney's fees and costs. In addition, plaintiff's counsel has provided a declaration and other documentation supporting the requested amount of $75,883.13. Accordingly, plaintiff is entitled to the full amount requested.

## CONCLUSION

For all of the above-stated reasons, plaintiff's motion for default judgment is **GRANTED** and plaintiff's motion to dismiss defendant's counterclaim with prejudice is **GRANTED**. Defendant is ordered to pay **$75,883.13** in damages, representing the outstanding invoice charges under the contract, attorney's fees and costs, and interest.

**IT IS SO ORDERED.**

Dated: December 20, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE